UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAUL J. DERME,

                              Plaintiff,

      v.                                          **DECISION AND ORDER**
                                                                        06-CV-7S

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

1.      Plaintiff Paul J. Derme challenges an Administrative Law Judge's ("ALJ") determination that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he became disabled on November 12, 2002 (the amended onset date), due to weak blood vessels in his left kidney resulting in pain, bed rest and blood in his urine. Plaintiff contends that his physical condition renders him unable to work. He therefore asserts that he is entitled to payment of benefits under the Act.

2.      Plaintiff filed an application for supplemental security income on November 12, 2002. After his application was denied, Plaintiff requested a hearing before an ALJ. Plaintiff was represented by counsel at the hearing and testified on his own behalf. The ALJ considered Plaintiff's case *de novo*, and on February 10, 2005, issued a decision denying Plaintiff's application for benefits. On November 18, 2005, the Appeals Council denied Plaintiff's request for review. Plaintiff filed the current civil action on January 4, 2006, challenging Defendant's final decision.[1] Plaintiff is proceeding *pro se*.

3.      On May 31, 2006, Plaintiff filed a Motion for Summary Judgment. On July

---

[1] The ALJ's February 10, 2005 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

1

13, 2006, Defendant cross-moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  After full briefing, this Court took the motions under advisement without oral argument on November 27, 2006.  For the reasons stated below, Plaintiff's Motion for Summary Judgment is denied and Defendant's Motion for Judgment on the Pleadings is granted.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is evidence that amounts to "more than a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). The term substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153

(S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S.

3

at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since November 12, 2002, the amended alleged onset date of his disability (R. at 23);[2] (2) Plaintiff's impairments qualify as "severe" within the meaning of the Act (R. at 23); (3) Plaintiff's impairments do not meet the criteria necessary for finding a disabling impairment under the applicable listing (R. at 23); (4) Plaintiff retained the residual functional capacity to perform light work restricted to simple, routine tasks involving only low stress (R. at 24); and (5) Plaintiff is unable to engage in his past relevant work as a waiter or kitchen helper, but retains the residual functional capacity to engage in occupations with significant numbers of jobs in the regional and national economies (R. at 22, 24).

10. Plaintiff raises two challenges to the ALJ's decision. First, he argues that the ALJ erroneously relied on Dr. Mark Chazen's opinion because Dr. Chazen examined him on only one occasion. Plaintiff, however, introduced Dr. Chazen's opinion into evidence for consideration. While Plaintiff argues that his lawyer offered Dr. Chazen's opinion over his objection, the fact remains that the evidence was presented to the ALJ for

---

[2] Citations to the underlying administrative record are designated as "R."

consideration.[3]  In any event, the ALJ did not rely on Dr. Chazen's opinion alone.  Dr. Chazen's opinion was consistent with Dr. Gerald Hardner's opinion, who treated Plaintiff more regularly.[4]  Both doctors opined that Plaintiff's urological condition did not cause any functional limitations.  (R. at 237-38, 313-17.)  In the end, even if this Court concluded that the ALJ improperly considered Dr. Chazen's opinion, Dr. Hardner's opinion would support the ALJ's determination.  As such, Plaintiff's first argument is not persuasive.

11.  Plaintiff's second argument is that new evidence exists that warrants remand to the ALJ.  In particular, Plaintiff submitted with his motion (1) a record from Roswell Park dated April 12, 2004, (2) a record of a CAT scan from Kaleida Health dated January 20, 2006, and (3) a record of appointment from the Cleveland Clinic dated May 25, 2006.  (Docket No. 6, Exhibits A-C.)  In this Court's view, these records do not warrant remand.

12.  First, the April 12, 2004 record from Roswell Park is part of the administrative record and was already considered by the ALJ.  (R. at 328.)  Second, the Kaleida Health and Cleveland Clinic records post-date the relevant time period and were not presented to the ALJ.[5]  This Court's review of the Commissioner's decision is generally limited to an examination of whether the Commissioner's decision is supported by substantial evidence of record.  See Berry, 675 F.2d at 467.  In making that determination, this Court cannot consider additional evidence, particularly when such evidence was not part of the administrative proceeding below.  See 42 U.S.C. § 405(g).  Moreover, while this Court has

---

[3] It is also noted that Plaintiff listed Dr. Chazen as one of his treating physicians in his disability report.  (R. at 89.)

[4] Dr. Hardner treated Plaintiff since 1990.  (R. at 236.)

[5] The record from the Cleveland Clinic simply confirms the existence of a medical appointment on June 12, 2006.  It is not a substantive medical record.

the authority to remand cases to the Commissioner for the consideration of additional evidence, it may do so only "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." See 42 U.S.C. § 405(g).  Upon review of Plaintiff's submissions, this Court finds no cause to remand this case to the Commissioner.  In this Court's view, nothing in the submitted documents would likely change the ALJ's determination that Plaintiff's impairments do not meet or equal a listed impairment.

13. Aside from the two arguments discussed above, Plaintiff does not challenge the ALJ's decision.  It is clear to this Court that Plaintiff is frustrated by his doctors' inability to rectify his condition.  While this Court is not unsympathetic to Plaintiff's plight, the fact remains that as a legal matter, the medical records in this case support the ALJ's finding that Plaintiff is not disabled within the meaning of the Act.  This Court finds no legal error or error in the ALJ's weighing of the evidence presented, and further finds that substantial evidence supports his decision.  Accordingly, Plaintiff's Motion for Summary Judgment is denied and Defendant's Motion for Judgment on the Pleadings is granted.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Summary Judgment (Docket No. 6) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 9) is GRANTED.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated: February 28, 2007
       Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge